USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/22/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MILTON EMORY EDWARDS and :
MICHELLE A CAMPBELL-EDWARDS, :
         Plaintiffs, :
          :    **ORDER**
v. :
          :    22 CV 5121 (VB)
THE DEVEREUX FOUNDATION, and :
JENNIFER L. COX, :
         Defendants. :
--------------------------------------------------------------x

    Defendant The Devereux Foundation ("TDF") removed this action from Supreme Court, Putnam County. TDF asserts that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). According to TDF, there is complete diversity of citizenship between the plaintiffs and defendants and the amount in controversy exceed $75,000.

    To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Thus, 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Id.; see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).

    An individual's citizenship is determined by domicile—"the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). Thus, an allegation of residency alone is insufficient.

    "[A] corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010).

1

The notice of removal states that plaintiffs are "residents" of Hartford, Connecticut, and that defendant Jennifer L. Cox is a "resident" of New York. (Doc. #1 ¶¶ 5, 7). As noted above, residency is irrelevant for purposes of diversity—what matters is domicile.

Moreover, the notice of removal states that TDF is "headquartered" in Pennsylvania (Doc. #1 ¶ 6), and the complaint alleges that TDF is a "foreign not-for-profit corporation existing under the laws of the State of New York," with an office located in New York. (Doc. #1-1 ¶ 3).

Accordingly, by June 29, 2022, TDF shall submit a letter clarifying the citizenship of each party, so that the Court can determine whether there is complete diversity in this case.

Dated: June 22, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge