UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
MILTON EMORY EDWARDS and                    :
MICHELLE A. CAMPBELL-EDWARDS                 :
                    Plaintiffs,             :
v.                                          :        **OPINION AND ORDER**
                                            :
                                            :        22 CV 5121 (VB)
JENNIFER L. COX and                         :
THE DEVEREUX FOUNDATION,                     :
                    Defendants.             :
--------------------------------------------------------------------x

Briccetti, J.:

       Plaintiffs Milton Emory Edwards ("Mr. Edwards") and Michelle A. Campbell-Edwards

("Mrs. Edwards") bring this diversity action against defendants Jennifer L. Cox and The

Devereux Foundation for personal injuries resulting from a November 29, 2021, automobile

accident.[1]  Now pending is defendants' motion for summary judgment (Doc. #49) and plaintiffs'

cross-motion for partial summary judgment (Doc. #50-1).

       For the reasons set forth below, defendants' motion is DENIED and plaintiffs' cross-

motion is GRANTED IN PART and DENIED IN PART.

       The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

## BACKGROUND

       The parties have submitted memoranda of law, supporting declarations with exhibits, and

statements of undisputed material facts pursuant to Local Civil Rule 56.1  Together, they reflect

the following background.

---

[1]       The action was removed from Supreme Court, Putnam County, on the basis of diversity
jurisdiction.

I.      Plaintiffs' Pre-existing Health Conditions

On November 26, 2020, Mr. Edwards was involved in a motor vehicle accident unrelated to the one that gives rise to this case, in which he sustained a broken left shoulder bone and two fused discs in his neck.  On March 12, 2021, Mr. Edwards underwent surgery to treat his injuries from that accident.  Mr. Edwards was last treated for injuries from the November 2020 accident in July or August 2021.  He was not feeling any pain by the time of the accident at issue here.

Also in 2020, Mrs. Edwards experienced lower back pain that radiated down her left leg, which was treated with one injection.  Mrs. Edwards was not experiencing any lower back or leg pain by the time of the accident.

II.     Motor Vehicle Collision

At approximately 1:00 p.m. on November 29, 2021, plaintiffs were in an automobile collision with defendant Cox, who was driving a car owned by defendant The Devereux Foundation, on Interstate 84 East in the Town of Southeast, New York.  Cox was merging into the left lane when the collision occurred.

It is undisputed that Cox did not see plaintiffs' vehicle before the collision.  Cox testified that prior to merging, she looked in her mirrors, did not see plaintiffs' vehicle, turned on her turn signal, and looked at her mirrors again before merging.  Mr. Edwards, who was driving plaintiffs' car at the time of the accident, testified he did not see Cox's car before the collision. He claims he first became aware of Cox's car when Mrs. Edwards said "they are going to hit us," at which point Mr. Edwards "tried to speed up."  (Doc. #50-4, Tr. at 75).[2]

---

[2]     Citations to "Tr. at __" refer to the page numbers at the bottom right of each transcript page.

III.    Mr. Edwards's Injuries

Mr. Edwards developed a headache immediately after the collision but did not seek medical attention immediately.  He sought medical care a few days after the accident from his family doctor, Dr. Satyarani Tellapureddy.  Mr. Edwards complained of pain in his neck, lower back, shoulder, legs, and hands.  Dr. Tellapureddy sent Mr. Edwards for x-rays and prescribed physical therapy.

On December 23, 2021, Mr. Edwards visited Dr. Deborah Terry, who diagnosed him with a number of back and joint injuries, which she noted are consistent with injuries sustained from a motor vehicle collision.  She was also concerned that Mr. Edwards aggravated or reinjured the spinal fusion he received following the 2020 accident and recommended he return to his orthopedic surgeon, in addition to attending physical therapy three times a week.

Mr. Edwards was further referred to Dr. Elie Sader, a pain management specialist, who treated Mr. Edwards's pain with several injections and prescribed Gabapentin.

At the time of the accident, Mr. Edwards was self-employed as a carpenter.  He testified he stopped working as a result of the accident for eight months, although in interrogatory responses, plaintiffs asserted Mr. Edwards was out of work for five months following the accident.  Dr. Terry's notes indicate, "per the recommendation of his primary care physician the patient has reduced his work hours to provide him with an opportunity to convalesce from his injuries."  (Doc. #50-24 at ECF 13).[3]

Mr. Edwards received physical therapy three times per week but experienced no relief, and now does only home exercises.  He continues to experience neck pain and shoulder pain every day.

---

[3]    "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

On December 13, 2022, Mr. Edwards was notified he had reached the $50,000 policy limit for medical payments benefits relating to his claim.  In total, Mr. Edwards accrued $115,124.18 in medical bills arising from the accident.

IV.    <u>Mrs. Edwards's Injuries</u>

Mrs. Edwards also did not seek medical care immediately after the November 29, 2021, accident.  That night, Mrs. Edwards awoke due to pain in her lower back and left leg. Dr. Tellapureddy examined Mrs. Edwards the next day.  During the examination, she was unable to touch her toes and did not have full range of motion when bending.  Dr. Tellapureddy prescribed physical therapy, which Mrs. Edwards testified she could not do because she "was in so much pain."  (Doc. #50-5, Tr. at 97).  Dr. Tellapureddy also prescribed a muscle relaxant and a medication for Mrs. Edwards's nerve pain.

On December 17, 2021, Dr. Terry examined Mrs. Edwards and similarly diagnosed her with a number of back and joint injuries "consistent with injuries sustained in a motor vehicle collision" and recommended physical therapy three times per week.  (Doc. #50-25 at ECF 4).

Mrs. Edwards was also examined by Dr. Kaveh Barami, a neurosurgeon, who told her she had a pinched nerve in her spine and a crushed disk.  On February 22, 2022, Mrs. Edwards underwent a L1-S5 lumbar spine fusion.  Despite the surgery, Mrs. Edwards continues to suffer from lower back and left leg pain, which she treats with at-home exercises and pain medication.

At the time of the accident, Mrs. Edwards worked as a certified nursing assistant.  Mrs. Edwards missed work from November 29, 2021, to July 6, 2022, because of the accident. During this period, Mrs. Edwards's various doctors wrote to her employer excusing her from work.

On May 2, 2022, Mrs. Edwards was notified she had reached the $50,000 policy limit for medical payments benefits relating to her claim.  In total, Mrs. Edwards accrued $221,014.60 in medical bills arising from the accident.

V.    Defendants' Expert's Independent Medical Examination and Reports

On May 5, 2023, defendants' expert Dr. Jesse Eisler, an orthopedic surgeon, performed an independent medical evaluation ("IME") of each plaintiff.  Dr. Eisler produced IME reports for each plaintiff (Docs. ##49-12, 49-13), based on his evaluation of each plaintiff and his review of their medical records.

Dr. Eisler opined Mr. Edwards's symptoms "appear to be consistent with an exacerbation of a pre-existing condition with a development of bilateral upper and lower extremity radiculopathy."  (Doc. #49-12 at 2).  He also asserted, "[m]edical treatment to date has been reasonable and necessary and related to the November 29, 2021 incident."  (Id.).  In addition, he concluded Mr. Edwards's injuries did not meet the "threshold of a serious injury" and that there was no objective proof of any functional limitation of the lumbar spine.  (Id. at 3).

As to Mrs. Edwards, Dr. Eisler opined her symptoms also "appear to be consistent with an exacerbation of a pre-existing condition."  (Doc. #49-13 at 2).  However, Dr. Eisler determined Mrs. Edwards's condition "became symptomatic after the car accident," meaning "the accident was the cause of these symptoms."  (Id.).  He also wrote "[m]edical treatment to date has been reasonable and necessary and related to the" car accident.  (Id.).  As with her husband, Dr. Eisler concluded Mrs. Edwards's injuries did not meet the "threshold of a serious injury" and that there was no objective proof of any functional limitation of the lumbar spine. (Id. at 3).

**DISCUSSION**

I.    Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any declarations show there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Fed. R Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[4]

A fact is material when it "might affect the outcome of the suit under governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.  The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."  Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 322-23.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.  However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or

---

[4]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

unsubstantiated speculation." <u>Brown ex rel. Brown v. Eli Lilly & Co.</u>, 654 F.3d 347, 358 (2d

Cir. 2011). "The mere existence of a scintilla of evidence in support" of the non-moving party's

position is likewise insufficient; "there must be evidence on which the jury could reasonably find

for" the non-moving party. <u>Dawson v. County of Westchester</u>, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes all facts, resolves all ambiguities, and draws

all permissible factual inferences in favor of the non-moving party. <u>Dallas Aerospace, Inc. v.</u>

<u>CIS Air Corp.</u>, 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a

reasonable inference could be drawn in the non-movant's favor, on the issue on which summary

judgment is sought, summary judgment is improper. <u>Sec. Ins. Co. of Hartford v. Old Dominion</u>

<u>Freight Line, Inc.</u>, 391 F.3d 77, 82-83 (2d Cir. 2004). The Court need consider only evidence

that would be admissible at trial. <u>Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.</u>, 164 F.3d

736, 746 (2d Cir. 1998).

II.    <u>Applicable Law</u>

New York Insurance Law states:

Notwithstanding any other law, in any action by or on behalf of a covered person
against another covered person for personal injuries arising out of negligence in the
use or operation of a motor vehicle in this state, there shall be no right of recovery
for non-economic loss, except in the case of a serious injury, or for basic economic
loss.

N.Y. Ins. Law § 5104(a). In other words, a plaintiff in a personal injury case between

two insured parties arising from a car accident may recover (i) non-economic damages,

but only if the plaintiff suffered a serious injury as defined by New York Insurance Law,

and (ii) economic damages, except for basic economic loss as defined by New York

Insurance Law.

A.    <u>Non-Economic Damages</u>

New York Insurance Law enumerates nine categories of serious injury, three of which are at issue here:  (i) a "permanent consequential limitation of use of a body organ or member"; (ii) a "significant limitation of use of a body function or system"; and (iii) a "medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment," commonly referred to as a 90/180 injury.  N.Y. Ins. Law § 5102(d).

At summary judgment, New York law employs a burden shifting scheme whereby defendants must first establish a <u>prima facie</u> case that plaintiffs did not sustain a "serious injury" within the meaning of the statute.  <u>See</u> <u>Yong Qin Luo v. Mikel</u>, 625 F.3d 772, 777 (2d Cir. 2010).  Defendants "may rely on the unsworn reports of plaintiff[s'] physicians, but must provide evidence from [their] own physicians in the form of sworn affidavits."  <u>Id</u>.

If defendants satisfy their initial burden, plaintiffs are "then required to establish a prima facie case that [they] sustained a serious injury.  For plaintiff[s] to defeat a summary judgment motion, admissible evidence must be presented in the form of sworn affidavits by physicians." <u>Yong Qin Luo v. Mikel</u>, 625 F.3d at 777.  However, plaintiffs may defeat summary judgement without sworn expert affidavits if "a search of the record as a whole demonstrates a question of genuine fact as to whether plaintiff[s] sustained a serious injury."  <u>Id</u>. at 778.

If defendants offer "persuasive evidence that plaintiff[s'] alleged pain and injuries were related to a preexisting condition," the burden shifts back to plaintiffs to provide evidence rebutting defendants' lack of causation claim.  <u>Smith v. Grey</u>, 2022 WL 1418973 at *1 (2d Cir. May 5, 2022) (summary order).

B.    Economic Damages

New York Insurance Law defines "basic economic loss" as "economic loss that exceeds fifty thousand dollars and includes lost wages, medical expenses, as well as other reasonable and necessary expenses of up to twenty-five dollars per day not exceeding a year after the accident." Gonzalez v. Kenan, 2024 WL 3445243, at *8 (S.D.N.Y. July 17, 2024) (citing N.Y. Ins. Law § 5102(a)).  If a plaintiff fails to show he or she sustained basic economic loss, the defendant is "entitled to summary judgment barring any such recovery." Comba v. United States, 535 F. Supp. 3d 97, 107 (E.D.N.Y. 2021).

III.    Application

A.    Defendants' Motion for Summary Judgment

Defendants argue plaintiffs have not suffered a serious injury and therefore defendants are entitled to summary judgement.

The Court disagrees.

Under New York law's burden shifting scheme, the burden first falls on defendants to establish a prima facie case that plaintiffs did not sustain a serious injury.  In doing so, defendants "must provide evidence from [their] own physicians in the form of sworn affidavits." Yong Qin Luo v. Mikel, 625 F.3d at 777.  Defendants rely on Dr. Eisler's IME reports to support their argument that plaintiffs did not suffer a serious injury.  Plaintiffs contend these reports are inadmissible and should not be considered because they are not sworn to or affirmed, and thus defendants have not met their burden on summary judgment.

"Courts in this Circuit have uniformly held that unsworn expert reports do not satisfy the admissibility requirements of Rule 56(e)." Berk v. St. Vincent's Hosp. and Med. Ctr., 380 F. Supp. 2d 334, 352 (S.D.N.Y. 2005).  However, a court may rely on an unsworn report if the expert later ratifies it in an affidavit or deposition.  See Richardson v. Corr. Med. Care, Inc.,

2023 WL 3490904, at *2 (2d Cir. May 17, 2023); Marcano v. Schindler Elevator Corp., 2024 WL 4827405, at *2 (S.D.N.Y. Nov. 19, 2024).

Dr. Eisler's IME reports are unsworn, he has not ratified the reports through a sworn affidavit, and he was not deposed about his qualifications or the substance of his reports. Defendants argue Dr. Eisler's reports are nevertheless "affirmed statements" that he intended to be truthful, and that his signature denotes his swearing to these statements as in a sworn affidavit. (Doc. #51 at 2.)  However, that is not sufficient to render a document admissible in federal court. Rather, an otherwise unsworn declaration may be considered only if it contains language identical or substantially similar to: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct," followed by the date of execution and signature. 28 U.S.C. § 1746; see also Monclova v. City of New York, 726 F. App'x 83, 84 (2d Cir. 2018). Dr. Eisler's reports do not contain any such declaration or certification that they are true and correct or made under penalty of perjury.

The Court will therefore not consider Dr. Eisler's IME reports for purposes of defendants' motion for summary judgment.  See Marcano v. Schindler Elevator Corp., 2024 WL 4827405, at *2.  Because defendants have not proffered any admissible evidence from their own physicians, Yong Qin Luo v. Mikel, 625 F.3d at 777, defendants have failed to meet their burden to establish a prima facie case that plaintiffs suffered no serious injury.

In any event, defendants' other arguments fail as well.

First, defendants argue they are entitled to summary judgment because plaintiffs' symptoms were caused by the exacerbation of their pre-existing injuries.  Defendants rely only on Dr. Eisler's IME reports for this proposition, but he made this finding in conclusory fashion and without explaining what methodologies he employed in reaching that conclusion.  But even

if the Court could credit Dr. Eisler's assertions, plaintiffs can still recover for conditions "caused or further exacerbated by" an automobile accident.  Hedgecock v. Pedro, 940 N.Y.S.2d 394, 396 (2d Dep't 2012).  Accordingly, defendants' argument that plaintiffs' injuries are not serious because they are simply exacerbations of pre-existing injuries fails as a matter of law.

Second, defendants argue that based on plaintiffs' deposition testimony, plaintiffs did not suffer a 90/180 injury because they were "cleared to return to work quickly after the subject accident with no restrictions."  (Doc. #49-1 at 13).  That misstates the record.  Mr. Edwards testified that at the time of his deposition on November 28, 2022—more than 180 days after the subject accident—his doctors and therapists had not placed any specific physical restrictions on him.  (Doc. #50-4, Tr. at 111–12).  Similarly, Mrs. Edwards testified that her doctor gave her a letter authorizing her return to work without any restrictions after her last appointment with Dr. Barami in July 2022, more than 180 days after the accident.  (Doc. #50-5, Tr. at 108).  Moreover, plaintiffs' interrogatory responses and deposition testimony indicate they were each out of work for at least five months following the subject accident.  (Docs. ##49-8 at 6; 49-9 at 6; 50-4, Tr. at 22–23; 50-5, Tr. at 21, 23).  Defendants have thus not met their prima facie burden of showing plaintiffs have not suffered a 90/180 injury.

Because defendants have failed to make a prima facie showing that plaintiffs suffered no serious injury, defendants' summary judgment motion must be denied.

B.    Plaintiffs' Cross-Motion for Summary Judgment

1.    Economic Damages

Plaintiffs argue the serious injury requirement does not apply to their claim for economic damages in excess of basic economic loss.

The Court agrees.

It is black letter law that "a claim for economic loss does not require the plaintiff to have sustained a serious injury." Wilson v. Colosimo, 959 N.Y.S.2d 301, 304 (4th Dep't 2012). Moreover, each plaintiff has demonstrated they incurred medical expenses greater than basic economic loss of $50,000 as a result of the subject accident. On May 2, 2022, Mrs. Edwards was notified she reached her $50,000 policy limit, and her insurance company's medical ledger shows $221,014.60 in total medical bills. Similarly, on December 13, 2022, Mr. Edwards reached his $50,000 policy limit, and his insurance company's medical ledger shows $115,124.18 in total medical bills. Although defendants argue plaintiffs have not suffered economic losses beyond $50,000, they point to no evidence in support of their claim.

Accordingly, any purported lack of serious injury does not bar plaintiffs' ability to recover economic damages beyond basic economic loss at trial.

### 2. Liability

Plaintiffs argue they are entitled to summary judgment on liability because Cox was noncompliant with Section 1128(a) of the New York Vehicle and Traffic Law.

The Court disagrees.

"When moving for summary judgment on the issue of liability in a negligence action, a plaintiff must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries. A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law." Elfe v. Roman, 195 N.Y.S.3d 768, 768 (2d Dep't 2023). As relevant here, New York Vehicle and Traffic Law provides: "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." N.Y. Veh. & Traf. Law § 1128(a).

When a plaintiff moves for summary judgment on liability in a negligence action, "the plaintiff will generally be entitled to summary judgment only in cases in which there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct either was not really involved (such as with a passenger) or was clearly of exemplary prudence in the circumstances." Andre v. Pomeroy, 35 N.Y.2d 361, 365 (1974).

Plaintiffs argue summary judgment is proper because there is no evidence suggesting Cox complied with Section 1128(a). It is undisputed Cox failed to observe plaintiffs' car before merging into the left lane and colliding with it. However, Cox testified plaintiffs' car was in her blind spot, and that she looked in her mirrors, did not see a car, turned on her turn signal, looked in her mirrors again, still did not see the car, and then began to merge. Furthermore, Mr. Edwards testified he attempted to speed up to avoid the collision, which defendants argue was the real cause of the accident. A reasonable jury could conclude from this evidence that Cox complied with the New York Vehicle and Traffic Law and acted within the permissible standard of due care. Put another way, this is a jury question.

Accordingly, plaintiffs' cross-motion for summary judgment on liability must be denied.

## CONCLUSION

Defendants' motion for summary judgment is DENIED.

Plaintiffs' cross-motion for summary judgment is GRANTED IN PART and DENIED IN PART.

Plaintiffs' personal injury claims may proceed as to both economic and non-economic damages.

The Court will conduct a case management conference on **February 5, 2025, at 2:30 p.m.**, to be held at the White Plains courthouse, Courtroom 620, at which time counsel shall

be prepared to discuss, among other things, the setting of a trial date and a schedule for pretrial

submissions, as well as what good faith efforts they have made and will continue to make to

settle this case.

    The Clerk is instructed to terminate the pending motion.  (Doc. #49).

Dated: January 13, 2025
       White Plains, NY

                              SO ORDERED:


                              _____
                              Vincent L. Briccetti
                              United States District Judge